IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09-cr-152

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NATHANIEL BAILEY | ) | |
| | ) | |

**THIS MATTER** is before the Court upon motion of the defendant for a new trial (Doc. No. 53) and the government's response (Doc. No. 56).

The defendant was convicted by a jury of conspiracy to distribute or to possess with intent to distribute 5 grams or more cocaine base on November 12, 2008 (Count One); possessing 5 grams or more of cocaine base with intent to distribute on that same date (Count Two); possessing a firearm on November 24, 2008 after being convicted of a felony (Count Three); possessing cocaine base with intent to distribute on November 24, 2008 (Count Four); and carrying a firearm during and in relation to that offense, or possessing a firearm in furtherance of that offense (Count Five). (Doc. No. 51: Jury Verdict). In this instant motion, the defendant seeks a new trial based on two issues fully argued and resolved against him during the trial: (1) the exclusion of a state court judgment involving his co-defendant; and (2) the admission of the verbal take-down signal given by the confidential informant, who did not testify.

Upon motion of the defendant, a district court "may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). A district court "'should exercise its discretion to award a new trial sparingly,' and a jury verdict is not to be overturned except in the rare circumstance when the evidence 'weighs heavily' against it." United States v.

Smith, 451 F.3d 209, 217 (4th Cir. 2006) (quoting United States v. Perry, 335 F.3d 316, 320 (4th Cir. 2003)). The defendant, as movant, carries the burden of showing that the interest of justice requires a new trial.

The first evidentiary ruling challenged by the defendant involves the Court's denial of his attempt to introduce a state court judgment (Doc. No. 55: Def. Ex. 3). That judgment showed that Perez Robinson[1] pled guilty in state court for possessing cocaine on November 12, 2008, with intent to distribute. (Id.). The defendant argues that exhibit was probative to show that he did not possess the same drugs. The defendant is incorrect in this assertion because the fact that one person has admitted guilt to a crime has no relevance in showing another person did not commit the same crime, particularly where both persons are charged with being in a conspiratorial relationship to commit that crime. Thus the document was not relevant to the proffered defense and any probative value was substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Fed. R. Evid. 403. The defendant did not seek to call Robinson as a witness, which would have been the proper way to establish whether he was exclusively responsible for the drugs found in the car he and the defendant occupied. Accordingly, a new trial is not required in the interest of justice.

The defendant also claims that, during closing argument, the government improperly referred to the take-down signal uttered by the confidential informant. The Court had overruled the defendant's objections before and during the trial to the introduction of the phrase "it looks good," which the informant used as a cue for police officers to move in. The phrase was not

---

[1] Prior to the defendant's trial, the government moved to dismiss the federal charges against Robinson without prejudice (Doc. No. 24: Motion), which the Court granted (Doc. No. 25: Order).

offered for the truth, but rather for its effect on the listener. Thus, it was not hearsay. Fed. R. Evid. 801(c). The government did not rely on any assertions of the non-testifying informant ; its proof of the defendant's guilt was based on observations of the police officers when they arrived at the car where they saw the defendant seated in front of an open glove box containing crack cocaine and the purchase money nearby. Thus, the properly admitted evidence does not weigh heavily against the verdict and a new trial is not required.

**IT IS, THEREFORE, ORDERED** that the defendant's motion for new trial (Doc. No. 1103) is **DENIED**. The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, and to the United States Attorney.

Signed: November 10, 2010

Robert J. Conrad, Jr.
Chief United States District Judge