IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09-CR-00152-RJC

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | <u>ORDER</u> |
| | ) | |
| NATHANIEL DEVON BAILEY | ) | |
| | ) | |

**THIS MATTER** is before the Court upon motion of the defendant pro se to reconsider the reduction of sentence recently granted based on retroactive amendments to the United States Sentencing Guidelines regarding drug offenses. (Doc. No. 98: Order; Doc. No. 99: Motion).

First, the defendant claims he is not subject to a mandatory minimum sentence based on Fair Sentencing Act of 2010 (FSA). The Court previously denied a motion raising the same claim, (Doc. No. 90), and the instant motion provides no basis for a different ruling now. Second, the defendant claims his criminal history category should have been lowered based on the vacatur of a felon in possession of a firearm conviction subsequent to <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011) (en banc). In considering a sentence reduction under 18 U.S.C. § 3582(c)(2) for a retroactive change in the guidelines, a court is to determine guideline range that would have been applicable to the defendant if the amended guidelines had been in effect "at the time the defendant was sentenced." USSG §1B1.10(b)(1). Thus, a court "shall leave all other guideline application decisions unaffected," (<u>Id.</u>), and the defendant is not entitled to recalculation of his criminal history category.

Additionally, the Court considered the factors set forth in 18 U.S.C. § 3553(a) and the risk to public safety in determining the extent of the previous sentence reduction, pursuant to USSG §1B1.10 cmt. (n.1(b)(i), (ii)). (Doc. No. 98: Order at 2). A greater reduction was not

1

warranted under the § 3553(a) factors and would endanger the community given the defendant's extensive history of committing new offenses while on conditions of release, including possessing firearms and trafficking drugs. Thus, the Court would have imposed the same sentence even if the defendant qualified for a lower criminal history category.

**IT IS, THEREFORE, ORDERED** that the defendant's motion for reconsideration, (Doc. No. 99), is **DENIED**.

Signed: September 21, 2015

Robert J. Conrad, Jr.
United States District Judge